THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN RICHARD JAE,<br>　　　　Plaintiff,<br><br>　　vs.<br><br><br>NEAL K. MECHLING, et al.,<br>　　　　Defendants. | )<br>)<br>)<br>)　Civil Action No. 04-1684<br>)　Judge David S. Cercone<br>)　Magistrate Judge Caiazza<br>)<br>) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Motion to Dismiss filed by Defendant Eugene Ginchereau, M.D. be denied.

### II. REPORT

The Plaintiff, John Richard Jae ("the Plaintiff" or "Jae"), is a state prisoner who previously was confined in the Long Term Segregation Unit at the State Correctional Institution at Pittsburgh, Pennsylvania. ("SCIP"). He commenced the present action in the Court of Common Pleas of Fayette County against various state officials and medical personnel at SCIP. On November 4, 2004, the Commonwealth Defendants removed the action to this Court and paid the $150.00 filing fee. (Doc. 1). On December 20, 2004, the Commonwealth Defendants -Neal K. Mechling, Captain Greg Mohring, Dr. Jeffrey A. Beard, Superintendent William S. Stickman along with officers Randy Minnick, John Knupsky, Richard Wyza and Alan Lynch- filed an Answer to the Amended Complaint. (Doc. 3).

On February 23, 2005, Samuel H. Foreman, Esquire entered a Notice of Attorney Appearance for the only non-Commonwealth Defendant, Dr. Eugene Ginchereau. On July 20, 2005, Defendant Ginchereau filed a Motion to Dismiss solely on the basis of the provisions of 28 U.S.C. § 1915 -the federal statute governing *In Forma Pauperis* ("IFP") proceedings. He relies on sub parts (e) and (g) of the statute. The statute provides, in relevant part, as follows:

> § 1915. Proceedings in forma pauperis
>
> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> . . .
>
> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915.

With respect to subpart (g), the statute is applicable to prisoners who have been granted authority by a federal court to proceed IFP. Significantly, this court has not granted Jae authority to proceed under the provisions of 28 U.S.C. § 1915. Here, the Commonwealth Defendants removed this action from state court and paid the filing fee. Defendant Ginchereau circularly argues that because Jae was granted IFP status in the state court, the federal IFP statute is applicable here and that his status as a Plaintiff should be governed by the federal *in forma pauperis* statute. The Defendant's argument has no merit.

First, if a court grants a litigant IFP status in a state proceeding the action is not converted into one filed under Section 1915 following its removal to federal court -especially where the filing fee has been paid. Second, the cases cited by Defendant Ginchereau do not specifically address the issue he raises; *i.e.,* whether the Plaintiff's IFP status in state court follows him to federal court. Consequently, Dr. Ginchereau has not shown that he is entitled to dismissal with respect to subpart (g) of the statute. Moreover, Defendant Ginchereau's argument fails under subpart (e) of the statute, even if the federal *in forma pauperis* statute is applicable here. He has not shown that the present action is frivolous, that it fails to

3

state a claim or that he is immune from suit. See 28 U.S.C. § (e)(B).

### III. CONCLUSION

It is respectfully recommended that the Motion to Dismiss filed by Defendant Eugene Ginchereau, M.D. be denied.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by March 13, 2006. Responses to objections are due by March 23, 2006.

*Francis X. Caiazza*
FRANCIS X. CAIAZZA
United States Magistrate Judge

February 23, 2006

cc: David S. Cercone
    United States District Judge

    John Richard Jae, BQ-3219
    SCI Cresson
    P.O. Box A
    Cresson, PA 16699

    Samuel H. Foreman
    Weber Gallagher Simpson Stapleton Fires & Newby
    603 Stanwix Street
    Suite 1450 14th Floor
    Two Gateway Center
    Pittsburgh, PA 15222

    Scott A. Bradley
    Office of the Attorney General
    564 Forbes Avenue
    6th Floor, Manor Complex
    Pittsburgh, PA 15219